from the original injury," *held* properly to state the law, and the giving of it justified on the ground that the cross-examination of plaintiff's physician tended to suggest that the treatment of plaintiff was unskilful;· and also *held* that it was not necessary to show that the doctor, who had been practicing for twenty-six years, had especial experience in setting broken legs, to warrant the instruction.

4. · NEGLIGENCE, § 185*—*when recovery for personal injuries resulting from fall of frozen crust of sand pile sustained by the evidence.* A verdict allowing a recovery for personal injuries alleged to have resulted from defendant's negligence in causing a frozen crust of a sand pile to fall on plaintiff, *held* not against the weight of the evidence, where the jury might have justifiably believed from the evidence that plaintiff was in the exercise of due care and justifiably ignorant ōf the manner in which defendant was working on the other side of the pile, that defendant's method of doing the work on his side was not a careful one, that he had reason to believe conditions were dangerous and he did not warn plaintiff, and that the work on defendant's side caused the crust to fall on plaintiff.

---

## Charles Freeman, Appellee, v. New Illinois Athletic Club, Appellant.

### Gen. No. 19,983. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Charles Freeman against New Illinois Athletic Club to recover for personal injuries. To reverse a judgment entered on a verdict for three thousand dollars, defendant appeals. The accident is described in one of the counts of plaintiff's declaration, the purely formal parts being omitted and replaced by asterisks:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"The plaintiff * * * September 13, 1911, * * * was in the employment of the defendant in a certain building at * * * Chicago * * * and in pursuance of his said employment was * * * engaged in painting certain parts of the interior of said building and * * * the defendant by * * * a certain other servant * * * who was * * * plaintiff's foreman and on behalf of the defendant in charge and control of the plaintiff in plaintiff's certain employment ordered and directed the plaintiff to * * * paint a certain portion of the inside of said building which * * * was * * * high above the floor; that as the defendant then and there well knew, the floor there under said * * * portion of the inside of said building was hard and slippery so that * * * it was dangerous for a person to ascend a ladder to a point necessary to reach said * * * portion * * * and there stand on said ladder and paint, in that * * * said ladder was liable while a person was * * * standing on the same to paint to slip and fall:

Notwithstanding the defendant negligently and carelessly ordered * * * the plaintiff in discharge of plaintiff's duties as defendant's employe * * * to ascend a * * * ladder to said last mentioned point * * * and at that point to stand upon said * * * ladder and paint. * * * The plaintiff * * * protested to defendant and stated to defendant that the defendant should * * * for the purpose aforesaid provide scaffolding, but * * * the defendant by and through said * * * foreman * * * stated and promised to the plaintiff that if the plaintiff would ascend the * * * ladder and * * * there stand and paint, the defendant by and through said foreman would stand by and exercise reasonable care to do and be ready to do everything necessary to prevent or stop said ladder from slipping and throwing the plaintiff to the floor * * * and in pursuance of said * * * order and in reliance on said * * * promise, the plaintiff in pursuance of plaintiff's said employment and without any negligence

on the part of the plaintiff which proximately contributed to the happening hereinafter complained of, ascended said * * * ladder to said * * * point and at that point stood on said * * * ladder to paint, but the defendant * * * while the plaintiff * * * was * * * standing on said ladder painting, negligently and carelessly failed and omitted to stand by and exercise reasonable care to do and be ready to do everything necessary to prevent or stop said * * * ladder from * * * slipping and throwing the plaintiff to the floor * * * and * * * failed and omitted to exercise reasonable care to prevent or stop said ladder * * * from then and there slipping and throwing the plaintiff to the floor, and * * * by means of the premises * * * the foot of said * * * ladder slipped on the floor and * * * said ladder fell and * * * the plaintiff was * * * thrown to the floor * * *."

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and CHARLES J. McFADDEN, of counsel.

HENRY HORNER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 410*—*when assumption of risk and fellow-servant rule inapplicable.* Where a person employed as a painter was injured by the legs of a ladder slipping when he was standing thereon for the purpose of painting the interior of a building under the orders of defendant's foreman, *held* under the facts of the case the plaintiff did not assume the risk and that the foreman was not a fellow-servant, it appearing that plaintiff protested against using the ladder instead of a scaffold on account of the slippery condition of the floor, and the foreman promised to hold

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the foot of the ladder, and did hold it for a time and then left it without warning, whereupon the ladder slipped and plaintiff fell.

2. DAMAGES, § 115*—*when verdict excessive.* A verdict for three thousand dollars for the personal injuries proven in this case, *held* excessive to the extent of one thousand dollars.

———

## Charles D. Babcock, Administrator, Defendant in Error, v. John V. Farwell et al., Plaintiffs in Error.

### Gen. No. 19,580.

1. EQUITY, § 345*—*when bill must be dismissed for want of equity.* Where the proofs fail to sustain a bill filed in a court of equity, no other course is open to the chancellor but to dismiss the bill for want of equity.

2. EQUITY, § 482*—*when decree unauthorized after adverse finding as to jurisdictional facts.* On a bill filed by a stockholder against a corporation and representatives of a copartnership to enforce the right of the corporation as against said representatives, on the sole ground that there was fraud and collusion on the part of the corporation and the copartnership in a certain transaction, *held* that upon a finding by the chancellor that the complainant failed to prove the alleged fraud and collusion, a decree was not authorized on such parts of the bill as standing alone would not give the court jurisdiction.

3. EQUITY, § 493*—*necessity of cross-bill for affirmative relief as between codefendants.* A decree granting affirmative relief to a defendant against his codefendant, not based on or supported by a cross-bill or answer in the nature of a cross-bill, cannot be sustained.

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed October 13, 1914. Rehearing denied October 27, 1914.

HORACE KENT TENNEY and GEORGE T. ROGERS, for plaintiffs in error.

EVERETT L. MILLARD, for minor plaintiffs in error and for certain others; HORACE KENT TENNEY and GEORGE T. ROGERS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.